UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

INNOVATIVE MARKETING, INC.,
d/b/a PACKAGEFROMSANTA.COM,

    Plaintiff,

v

HOLIDAY PRINTABLES INC;
WILLIAM MICHELON; and
PATRICK FERLAZZO,

    Defendants.

Case No.

HON.

---

Jonathan H. Schwartz (P 70819)
Zachary W. Behler (P 70026)
FOSTER, SWIFT, COLLINS &
SMITH, P.C.
Attorneys for Plaintiff
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
(248) 539-9900
jschwartz@fosterswift.com
zbehler@fosterswift.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff the Innovative Marking, Inc., d/b/a PackageFromSanta.com (hereinafter, "Plaintiff" or "PFS"), by and through its attorneys, Foster, Swift, Collins, & Smith, P.C., for its Complaint against Defendants Holiday Printables Inc ("Holiday Printables"), William Michelon ("Michelon"), and

Patrick Ferlazzo ("Ferlazzo") (collectively referred to as "Defendants"), states the following:

## INTRODUCTION

1. PFS is a Michigan-based family owned business specializing in marketing and selling innovative and personalized Santa packages, Santa letters, Santa calls and Santa videos, and related Christmas-themed products and services.

2. PFS is the incontestable owner of U.S. Trademark Registration 3,569,664 for "PACKAGE FROM SANTA."

3. PFS is the proprietor of the domain name www.packagefromsanta.com, and owns all the content posted on its website, including unique Christmas-themed videos, and images.

4. Defendants Michelon and Ferlazzo own and operate several online businesses together which have garnered "F" ratings from the Better Business Bureau, including Holiday Printables, which purports to offer Santa-themed packages similar to PFS.

5. Defendants have engaged in an intentional campaign to misappropriate and misuse PFS' trademark (in addition to PFS' other unique content), in a variety of ways, including, but not limited to: (a) purchasing Pay Per Click Advertisements utilizing PFS' trademark; (b) using PFS'

trademark in advertisements on search engines and social media pages for Holiday Printables, without permission; (c) hiring Affiliate marketers who misuse PFS' trademark (with tacit approval or lack of appropriate oversight) in pop-up websites, advertising and social media pages that drive consumers to Holiday Printables, in exchange for a revenue-share or other payment from Defendants; and (d) repeatedly utilizing PFS' trademark in social media pages and posts.

6. Defendants' goal and/or effect has been to confuse and surreptitiously divert consumers (including PFS' customers) into purchasing products from Defendants, instead of Plaintiff.

7. Unfortunately, many consumers report being scammed by Defendants. Complaints range from being overcharged, to products not being delivered at all, to receipt of sub-par products.[1]

---

[1] Over the past year Defendants' fraudulent activities have been covered by the media, including: "I-Team: Customers accuse 2 Sarasota men of running business scams," March 20, 2017, http://www.abcactionnews.com/news/local-news/i-team-investigates/i-team-customers-accuse-2-sarasota-men-of-running-business-scams; and "Santa letter company in Sarasota on customers' naughty list after several complaints," December 15, 2017, https://www.abcactionnews.com/news/local-news/i-team-investigates/santa-letter-company-in-sarasota-on-customers-naughty-list-after-several-complaints.

8. Due to Defendants' misuse of PFS' trademark and other unique content, many disgruntled consumers have contacted PFS and/or left critical online reviews, thinking that PFS is the responsible party, causing significant damage to PFS.

9. Defendants' misconduct has and continues to cause significant and irreparable damage to PFS.

## THE PARTIES

10. PFS is a Michigan corporation with a principal place of business located in Shelby Township, Michigan.

11. PFS was founded by Dale Gruber and Carey Foster-Gruber, a married couple who have devoted their lives to building PFS into a well-respected and trusted brand, which provides wonderful and unique Santa-related products, and tremendous customer service.

12. Upon information and belief, Holiday Printables is a Florida corporation, with its registered agent located in St. Petersburg, which is actively engaged in business online, including marketing and selling product to residents of the State of Michigan.

13. Upon information and belief, Michelon is an individual residing at 2207 Wisteria Street, Sarasota, Florida 34239. Michelon, who describes himself a marketing "mastermind" and "media buyer," is an owner, officer

and director of Holiday Printables. Michelon is actively engaged in business online, including marketing and selling product to residents of the State of Michigan.

14. Upon information and belief, Ferlazzo is an individual residing in Sarasota, Florida. Ferlazzo is an owner, officer and director of Holiday Printables. Ferlazzo is actively engaged in business online, including marketing and selling product to residents of the State of Michigan.

## NATURE OF ACTION

15. This is an action for trademark infringement, trademark dilution, and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq.*), unfair trade practices under the Michigan Consumer Protection Act MCL 445.901 *et seq.*, and unfair competition under the common law of the State of Michigan, based on the Defendants' adoption and use of the mark "Package from Santa" in violation of PFS' established rights, and other misappropriation and misuse of PFS' unique content, including photographs and videos.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1338(b)

(pendent consumer protection claim) and 28 U.S.C. § 1332(a) (diversity of citizenship).

17. The amount in question herein exceeds $75,000.

18. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c).

## COUNT ONE
## INFRINGEMENT OF FEDERAL
## TRADEMARK REGISTRATION NO. 3,569,664

19. PFS hereby realleges and incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. PFS is the owner of United States Trademark Registration No. 3,569,664, registered February 3, 2009, for Package From Santa (for printed visuals in the nature of Christmas items in Class 16), a copy of which is attached hereto as **Exhibit 1**. This registration is now valid, subsisting, uncancelled and unrevoked.

21. Continuously since on or about August 28, 2007, PFS has used its Package from Santa in connection with and to identify its printed visuals in the nature of Christmas items and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said Mark on its website, packaging, and advertising

and promotional materials distributed throughout the United States. PFS' products sold under the Package from Santa Mark and brand name are provided nationwide including in the State of Michigan.

22. In addition, as of the date of the filing of this complaint, PFS is actively engaged in expanding its use of the Package from Santa Mark in connection with printed visuals in the nature of Christmas items in interstate commerce throughout the United States including in the State of Michigan.

23. Defendants have infringed PFS' Mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising printed visuals in the nature of Christmas items using the Package from Santa Mark.

24. Defendants' use of Package from Santa Mark in connection with printed visuals in the nature of Christmas items is without permission or authority of PFS and said use has caused and is likely to cause confusion, to cause mistake and/or to deceive.

25. Defendants' use of Package from Santa in connection with printed visuals in the nature of Christmas items has been made notwithstanding PFS' well-known and prior established rights in the trademark Package from Santa and with both actual and constructive notice of PFS' federal registration rights under 15 U.S.C. § 1072.

26. Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to PFS' business, reputation and good will in its federally registered Package from Santa trademark. Plaintiff has no adequate remedy at law.

## COUNT TWO
## FALSE DESIGNATION OF ORIGIN
## UNDER 15 U.S.C. § 1125(A)

27. PFS hereby realleges and incorporates by reference the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

28. Upon information and belief, Defendants have used the designation Package from Santa in connection with printed visuals in the nature of Christmas items in interstate commerce. Said use of the designation Package from Santa is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with PFS and as to the origin, sponsorship, or approval of Defendants' products and commercial activities by PFS.

29. Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause,

irreparable injury and other damage to Plaintiff's business, reputation and good will in its Package from Santa Mark. Plaintiff has no adequate remedy at law.

### COUNT THREE
### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

30. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Defendants' activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the name Package from Santa within the State of Michigan and in violation of Michigan law.

32. Moreover, Defendants misappropriation and misuse of unique imagery and videos paid for PFS, at significant expense, without PFS' permission, constitutes unfair competition.

33. Upon information and belief, Defendants' wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to PFS' business, reputation and good will in its Package from Santa Mark. PFS has no adequate remedy at law.

## COUNT FOUR
## TRADEMARK DILUTION UNDER LANHAM ACT §43

34. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-33 of this Complaint as if fully stated herein.

35. Defendants promoted their printed visuals in the nature of Christmas items to various customers and potential customers of PFS.

36. Defendants' promotion of their printed visuals in the nature of Christmas items misrepresented the nature, characteristics, and qualities of PFS' goods, services, and commercial activities.

37. Defendants' promotion of their printed visuals in the nature of Christmas items was likely to mislead and confuse customers and the public and such deception was material.

38. Due to Defendants' false promotions, PFS has suffered damages.

39. Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to PFS' business, reputation and good will. Plaintiff has no adequate remedy at law.

## COUNT FIVE
## COPYRIGHT INFRINGEMENT

40. PFS realleges and incorporates by reference the allegations of paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Defendants and/or their agents have improperly reproduced, distributed, and/or publicly performed (and/or caused to be reproduced, distributed, and/or publicly performed) several of their original images and an original video found on www.packagefromsanta.com, without PFS' authorization, in a commercial advertisement for Defendants' products.

42. Defendants do not have any license, authorization, permission or consent to use the original images and original video.

43. Through their conduct averred herein, Defendants have infringed Plaintiffs' copyright in the original images and original video in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

44. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

45. As a direct and proximate result of said infringement by Defendants, PFS is entitled to damages in an amount to be proven at trial.

46. PFS is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

47. Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

48. As a direct and proximate result of the foregoing acts and conduct, PFS has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. PFS is informed and believes and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe PFS' rights in the original images and original video. PFS is entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT SIX
## UNFAIR TRADE PRACTICES

49. PFS realleges and incorporates by reference the allegations of paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. Defendants' activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the Michigan Common law.

51. Upon information and belief, Defendants' wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to PFS' business, reputation and good will in its Package from Santa Mark. Plaintiff has no adequate remedy at law.

## COUNT SEVEN
## TORTIOUS INTERFERENCE

52. PFS realleges and incorporates by reference the allegations of paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Defendants had actual knowledge of PFS' existing and prospective economic and business relationships with its clients.

54. Defendants intentionally and improperly interfered with those existing and prospective economic and business relationships by engaging in the conduct described in more detail above.

55. As a proximate result of Defendants' improper and unlawful interference, PFS' existing and prospective business relationships have been disrupted.

56. As a proximate result of Defendants' improper and unlawful interference, PFS has and continues to be irreparably harmed.

## COUNT EIGHT
## UNJUST ENRICHMENT

57. PFS realleges and incorporates by reference the allegations of paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. As described in more detail above, Defendants have enriched themselves at the expense of PFS.

59. It would be unjust under these circumstances for Defendants to retain the benefit they have received without providing adequate compensation to PFS.

60. As a direct and proximate result of Defendants' unjust enrichment, PFS has and continues to be irreparably harmed, and incurred significant monetary damages.

## COUNT NINE
## CIVIL CONSPIRACY

61. PFS realleges and incorporates by reference the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Defendants' actions and conduct describe above constitute civil conspiracy, as defined in Michigan law.

63. Defendants' actions and conduct to misappropriate PFS' intellectual property, and surreptitiously divert PFS' customers and prospective customers, were taken in concert, in a matter detrimental to PFS.

64. Defendants' actions were tortious and/or unlawful or, in the alternative, were designed to accomplish an unlawful purpose, or accomplish a lawful purpose through unlawful means.

65. As a direct and proximate result of this conspiracy and/or concert of action, PFS has suffered irreparable damages that were reasonably foreseeable by Defendants, including lost profits and good will.

WHEREFORE, Plaintiff requests:

(i) an injunction restraining Defendants, their agents, servants, employees, successors and assigns and all others in concert and privity with them from: (a) using the name Package from Santa in connection with the offering of printed visuals in the nature of Christmas items, or from using any of PFS' unique images and video(s); (b) unfairly competing with PFS; (c) engaging in unfair and deceptive trade practices; and (d) injuring PFS' business reputation and diluting its trademark rights; and

(ii) judgment against Defendants: (a) ordering Defendants to disgorge any profits they made in connection with their false promotion of their products; (b) enjoining Defendants from any future false promotion; (c) awarding monetary damages in whatever amount shall be found from the proofs in excess of Seventy Five Thousand and 00/100 ($75,000.00) Dollars,

plus interest, costs and attorneys' fees; and (d) granting such other relief as the Court shall deem just, necessary and proper.

## DEMAND FOR JURY TRIAL

PFS hereby demands a trial by jury in the above-referenced matter.

Respectively submitted,
FOSTER, SWIFT, COLLINS & SMITH, P.C.

By: /s/ Jonathan H. Schwartz (P 70819)
Jonathan H. Schwartz (P 70819)
Zachary W. Behler (P 70026)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Plaintiff
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
(248) 539-9900
jschwartz@fosterswift.com
zbehler@fosterswift.com

Date: December 19, 2017

55974:00001:3432318-1